**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000062
13-OCT-2011
08:03 AM**

NO. CAAP-10-0000062

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
MIKI POUSIMA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CRIMINAL NO. 09-1-0288K)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Leonard and Reifurth, JJ.)

Defendant-Appellant Miki Pousima ("Pousima") appeals from a September 13, 2010 Judgment; Guilty Conviction and Sentence ("Judgment") entered by the Circuit Court of the Third Circuit ("Circuit Court").[1]  A jury convicted Pousima of four counts of sexual assault in the third degree in violation of Hawaii Revised Statutes § 707-732(1)(b) (Supp. 2010).[2]  The two complainants were his relatives, each under the age of fourteen ("Complainant 1" and "Complainant 2").

On appeal, Pousima raises three points of error, which are each compounds of several subpoints.  Pousima contends that the Circuit Court erred by: (1) excluding evidence of witnesses' bias, motive, and interest by prohibiting examination on various

---

[1]    The Honorable Elizabeth A. Strance presided.

[2]        (1) A person commits the offense of sexual assault in the third degree if:

. . . .

(b)    The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person[.]

HAW. REV. STAT. § 707-732(1)(b) (Supp. 2010).

topics, and thereby preventing Pousima from presenting his theory of the case in violation of "a defendant's fundamental right to a fair trial, right to confrontation, and effective assistance of counsel under the sixth and fourteenth amendments to the United States Constitution and Article I, §§ 5 and 14 of the Hawaii State Constitution"; (2) permitting expert testimony from a clinical psychologist that bolstered the complainants' testimony, encroached upon the jury's role as fact-finder, and was both irrelevant and more prejudicial than probative in violation of Pousima's rights to a fair trial and due process under the U.S. Constitution and the Hawai'i State Constitution; and (3) improperly allowing the State to present rebuttal testimony from Complainant 1's older sister ("Older Sister"), and thereby infringing upon Pousima's rights to a fair trial and due process under the U.S. Constitution and the Hawai'i State Constitution.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Pousima's points of error as follows:

(1) Contrary to Pousima's contention, the Circuit Court did not exclude testimony concerning the conversation between Complaint 1's mother ("Mother 1") and Complainant 2's mother ("Mother 2") regarding what Pousima characterized as Mother 2's threat to drop Complainant 2's case against Pousima because Mother 1's son had charged Mother 2's son with sexual assault, and the mothers' agreement to "make this case against Pousima stick." Although the Circuit Court sustained an objection to the form of defense counsel's question about the conversation at the hearing on the motion in limine, there was substantial testimony elicited on the subject and the court subsequently explained that such testimony would be relevant and admissible at trial.

The Circuit Court did not err in excluding evidence relating to the family property in American Samoa and "the DVD incident" after conducting an evidentiary hearing under Hawai'i Rules of Evidence ("HRE") Rule 104. "Bias, interest, or motive is always relevant under HRE Rule 609.1. So long as a proper foundation is laid, bias can be raised at any time by the

witness's testimony or other evidence." *State v. Estrada*, 69 Haw. 204, 220, 738 P.2d 812, 823 (1987).

Pousima failed to lay a foundation establishing a link between the proffered testimony and his proffered inference that the complainants were thereby motivated to lie about sexual contact with Pousima. The proffered evidence also does not reasonably show bias, interest, or motive on the part of the mothers against Pousima. Moreoever, any probative value of the proffered evidence was substantially outweighed by the danger of unfair prejudice and confusing the jury. *See* Haw. R. Evid. 403.

(2) The Circuit Court did not err in admitting Dr. Bivens' testimony regarding the lack of consistency in the testimony of the minor complainants in a delayed reporting case because the testimony was relevant and not unduly prejudicial.[3/] Haw. R. Evid. 401, 402 and 403; *see State v. Silver*, No. 29060, 2010 WL 2637778 at *11-12 (Haw. Ct. App. June 30, 2010), reversed in part on other grounds, 125 Hawai'i 1, 249 P.3d 1141 (2011); *State v. Mars*, 116 Hawai'i 125, 140-41, 170 P.3d 861, 876-77 (App. 2007); *State v. Batangan*, 71 Haw. 552, 557-58, 799 P.2d 48, 51-52 (1990).

(3) The Circuit Court did not abuse its discretion by admitting Older Sister's rebuttal testimony. "[T]he introduction of evidence in rebuttal and in surrebuttal is a matter within the discretion of the trial court and appellate courts will not interfere absent abuse thereof." *State v. Duncan*, 101 Hawai'i 269, 274, 67 P.3d 768, 773 (2003) (quoting *Takayama v. Kaiser Found. Hosp.*, 82 Hawai'i 486, 495, 923 P.2d 903, 912 (1996)) (internal quotation marks omitted). "[A] plaintiff is not required to call, during his or her case-in-chief, every conceivable witness who might contradict a potential defense witness[.]" *Nelson v. Univ. of Haw.*, 97 Hawai'i 376, 384, 38 P.3d 95, 103 (2001).

---

[3/] Pousima's contention that in permitting the testimony of Dr. Bivens, the Circuit Court was acting in the role of an advocate for the State, was not raised below. Appellate courts will not resolve an issue raised for the first time on appeal unless justice so requires. *Paul v. Dep't. of Transp.*, 115 Hawai'i 416, 428, 168 P.3d 546, 558 (2007). We observe no correlation between the Circuit Court's decision to permit expert testimony and its adoption of an advocate's role. In any event, none is identified.

The State did not have the burden of proving that Complainant 1 was at Pousima's house without her parents when the attacks occurred.  Pousima's daughter, however, testified as part of Pousima's direct case that Complainant 1 was never at the Pousima household without Complainant 1's parents present during the time of the alleged assaults.  Consequently, the Circuit Court did not abuse its discretion in permitting Older Sister's rebuttal testimony.  *See Ditto v. McCurdy*, 86 Hawai'i 84, 89, 947 P.2d 952, 957 (1997) (rebuttal testimony was "negative of a potential defense" and plaintiff "did not have to prove in her case-in-chief that [doctor's] credentials did not qualify him for hospital privileges; she had to prove only that his credentials or lack thereof were a material fact and that he failed to disclose it").

Therefore, IT IS HEREBY ORDERED that the Circuit Court's September 13, 2010 Judgment is affirmed.

DATED:  Honolulu, Hawai'i, October 13, 2011.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4